*Errors assigned* were (1) above decree, quoting demurrer and decree, (2) decree, and (3) decree, as violation of article I, section 10, U. S. Constitution.

*H. W. Douglass,* City Solicitor, for appellant.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellee.

PER CURIAM, June 26, 1920:

Leiper v. Baltimore & Philadelphia Railroad Company et al., 262 Pa. 328, is conclusive that the court did not have jurisdiction of appellant's bill, and the demurrer to it was properly sustained.

Appeal dismissed at the costs of the appellant.

------

## Pittsburgh, Appellant, *v.* Philadelphia Co. et al.

*Public service companies—Rates—Equity—Jurisdiction—Public Service Commission.*

A court of equity has no jurisdiction to regulate the rates of a public service company. In such cases the sole jurisdiction is in the Public Service Commission.

Argued May 18, 1920. Appeal, No. 110, Oct. T., 1920, by plaintiff, from decree of C. P. Allegheny Co., April T., 1920, No. 2406, dismissing bill in equity in case of City of Pittsburgh v. Philadelphia Co. and Equitable Gas Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Bill in equity to compel gas company to furnish gas to a city free of cost. Before FORD, J.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were (1) above decree, quoting demurrer and decree, (2) decree, (3) decree as violation

of article I, section 10, U. S. Constitution, and (4) decree as violation of article I, section 17, Penna. Constitution.

*C. A. O'Brien,* City Solicitor, and *B. J. Jarrett,* with them *C. K. Robinson,* Assistant City Solicitor, for appellant.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellees.

PER CURIAM, June 26, 1920:

Leiper v. Baltimore & Philadelphia Railroad Company et al., 262 Pa. 328, is conclusive that the court did not have jurisdiction of appellant's bill, and the demurrer to it was properly sustained.

Appeal dismissed at the costs of the appellant.

---

# Peoples Natural Gas Co., Appellant, *v.* Public Service Commission et al.

*Appeals—Interlocutory order—Public service company—Public Service Commission—Rates.*

1. An order of the Public Service Commission merely directing a public service company to file, post and publish, according to law, its tariff and schedule of rates covering service complained of, is an interlocutory order from which no appeal lies.

2. From a final finding and determination by the commission of the matter complained of, an appeal will lie for the correction of any wrong that may be done to the company.

Argued May 24, 1920.   Appeal, Nos. 19 and 20, by plaintiff, from judgments of Superior Court, April T., 1918, Nos. 110 and 111, affirming orders of Public Service Commission, in cases of Peoples Natural Gas Co. et al. v. Public Service Commission.   Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Appeals dismissed.